UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MARK ANTHONY CARDONA,

Plaintiff,

vs.

NANCY A. BERRYHILL,
Commissioner of Social Security,

Defendant.

Civ. No. 17-cv-4818-KM

OPINION

**KEVIN MCNULTY, U.S.D.J.:**

Plaintiff Mark Anthony Cardona filed an appeal of the Commissioner's decision to deny further review of his Social Security disability claim. His request was filed after the deadline for appeal. Mr. Cardona impliedly seeks equitable tolling of the deadline. The Commissioner opposes this request.

I.  **BACKGROUND**

The plaintiff, Mark Anthony Cardona, filed a Social Security disability claim on July 19, 2011. An Administrative Law Judge ("ALJ") found Mr. Cardona partially disabled on April 8, 2013. Mr. Cardona, through his attorney, requested review of the decision on June 3, 2013. On December 4, 2014, the Appeals Council sent Mr. Cardona and his attorney a denial notice. The notice stated that Mr. Cardona had the right to commence a civil action within 60 days from the date of receipt of notice.

Mr. Cardona claims he moved and changed his email address after receiving the ALJ's decision. He states that the Appeals Council sent the notice

1

to his old address and an old email address that he no longer used.[1] Mr. Cardona admits that his attorney received the Appeal Council notice. However, the attorney, too, was allegedly unable to contact Mr. Cardona, because the attorney also used Mr. Cardona's old address and old email address.

Mr. Cardona filed this civil action, seeking review of the Commissioner's decision, on June 29, 2017—about two-and-a-half years after the Appeals Council sent notice. The complaint contains an implied request for an extension of time. On December 19, 2017, the Appeals Council sent the plaintiff a letter denying the implied request. On January 16, 2018, the Commissioner filed a motion to dismiss Mr. Cardona's complaint as untimely. Mr. Cardona has not responded to this motion to dismiss.

## II. DISCUSSION

Courts are empowered to review final decisions of the Commissioner of Social Security pursuant to 42 U.S.C. §§ 405(g)-(h), 1383(c)(3).

> (g) Judicial review. Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow....
>
> (h) Finality of Commissioner's decision. The findings and decisions of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided....

42 USC § 405. Here, there is no dispute that the Appeals Council's decision to deny review of the ALJ's decision constituted a final decision of the Commissioner. Mr. Cardona appeals the Council's decision to deny review.

---

[1] Mr. Cardona provides, as an exhibit, an email that was forwarded from his old email address on May 5, 2017. (ECF No. 1-1). Mr. Cardona does not specifically explain why he stopped using this email address or did not check this email address.

2

"Receipt" of notice is deemed to occur on the date that the claimant actually receives the Appeals Council's notice of denial. Absent independent proof, the date of receipt is legally presumed to be five days after the date on the notice. 20 C.F.R. §§ 416.1401. 416.1411. The 60-day period may be extended by the Appeals Council on written request, upon a showing good cause. 20 C.F.R. § 416.1468.

This complaint was filed on June 29, 2017, about two-and-a-half years after the filing deadline. The court has equitable discretion to toll the 60-day period. *See Bowen v. City of New York*, 476 U.S. 467, 478-82 (1986).

> There are three principal bases for applying the doctrine of equitable tolling: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum."

*Kramer v. Comm'r of Social Sec.*, 461 F. App'x. 167, 169 (3d Cir. 2012) (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994)). I am mindful of the Supreme Court's admonition that equitable tolling is "to be applied sparingly." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *see also Seitzinger v. Reading Hosp. and Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999) (finding that equitable tolling must be approached "warily, so as to guard against possible misuse").

The first and third circumstances are not present. Mr. Cardona makes no assertion that the Commissioner actively misled him about his cause of action. He does not allege to have asserted his rights elsewhere, in a timely manner, by mistake. Rather, Mr. Cardona impliedly asserts that he was "in some extraordinary way" prevented from asserting his rights.

Mr. Cardona has the burden to show that, even if equitable tolling is granted based on "extraordinary" circumstances that delayed his receipt of notice, he then filed this action within 60 days after receiving actual notice. Mr. Cardona has not provided evidence of when he actually received notice of the

3

Appeals Council denial. An affidavit states that Mr. Cardona did not receive notice but "[his] Counsel has now learned that" Mr. Cardona has changed his address and email address. (ECF No. 1, pp. 2-3). This does not show that Mr. Cardona filed this action within 60 days after he actually received notice.

In *Kramer v. Commissioner of Social Security*, the Third Circuit found that equitable tolling was not appropriate in similar circumstances. 461 F. App'x 167, 169-70 (3d Cir. 2012). Mr. Kramer claimed the Social Security Administration sent his notice to the wrong address. *Id.* He stated that his post office box expired; his mail remained held at the post office for six months; his physical address expired with no forwarding address; and he was hospitalized on several occasions. *Id.* However, the Third Circuit found "no justification for equitable tolling in the record" because, among other reasons, "[t]hese assertions do not address the date when Kramer actually received the Appeals Council's notice of decision." *Id.* at 170.

Similarly, in *Howell v. Colvin*, the district court found that plaintiff had not rebutted the presumption of receipt of notice because "Plaintiff fails to establish that he received notice of the action of the Appeals Council within sixty days of filing suit." No. 16-cv-12, 2016 WL 6916843, at *2 (N.D. Fla. Aug. 2, 2016).

Regardless of whether Mr. Cardona's claim should be equitably tolled because of changes in address and contact information, Mr. Cardona has the burden to establish the date that he received the notice of his right to appeal, and that he filed an appeal within 60 days thereafter. *See Kramer*, 461 F. App'x at 70; *Howell*, 2016 WL 6916843, at *2. Mr. Cardona has not met that burden. Therefore, his request for equitable tolling is denied.[2]

---

[2] Mr. Cardona's attorney received timely notice of the matter in December 2014. However, Mr. Cardona's attorney may not have been able to file an appeal because the attorney was allegedly unable to contact Mr. Cardona. Social Security regulations provide, "A notice or request sent to your representative will have the same force and effective as it if had been sent to you." 20 C.F.R. §§ 404.1715(b), 416.1515(b).

Courts are split on the effect of the attorney's receipt of notice. Some courts conclude that the 60-day appeal deadline starts running when the plaintiff receives

4

## III. CONCLUSION

For the foregoing reasons, Mr. Cardona's request for equitable tolling of the 60-day deadline is denied.

An appropriate order accompanies this opinion.

Dated: June 8, 2018

_____
KEVIN MCNULTY
United States District Judge

---

notice. Others start the time period when the plaintiff's attorney receives it. Other courts conclude that the time period starts from receipt of either the plaintiff or counsel, whichever occurs first. *See Pettway ex rel. Pettway v. Barnhart*, 233 F. Supp. 2d 1354, 1362 (S.D. Ala. 2002) (collecting cases); *see also Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997) (stating that the 60-day time period for filing for judicial review of the Commissioner's final decision "runs from the date the claimant received notification of the decision"; "[t]he availability of judicial review does not depend upon the receipt of notice by the claimant's attorney or personal representative"); *Roberts v. Shalala*, 848 F. Supp. 1008, 1014 (M.D. Ga. 1994) (finding that "notice given by the Secretary to a representative of a claimant is on equal footing with notice sent to the claimant" for purposes of filing for judicial review); *Vine v. Bowen*, No. 87-C-7924, 1988 WL 35595, at *1 (N.D. Ill. Apr. 8, 1988) (holding that "[m]ailing of notice to the claimant's attorney also triggers the presumption [of notice] and accompanying sixty-day period (citing *Chiaradonna v. Schweiker*, 569 F. Supp. 1471 (E.D. Pa. 1983)).

The parties have not addressed whether Mr. Cardona's attorney receipt of notice in December 2014 started the 60-day period, and I therefore take the plaintiff-favorable approach of declining to address that issue.

5